UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARRIN WILDER, ALISHA PEREZ, AND ALBERT JONES<br><br>Defendants. | 2:16-CR-00062-LRH-GWF<br><br>ORDER |

Before the court is defendant Darrin Wilder's motion to sever. ECF No. 65. The United States filed a response (ECF No. 103), to which Wilder replied (ECF No. 115). Co-defendants Alisha Perez and Albert Jones have both moved to join Wilder's motion. ECF Nos. 66, 67.

**I.    Background**

This is a drug-trafficking case involving the alleged shipment of cocaine through the mail between several of the defendants for purposes of distribution. Defendants Wilder, Perez,[1] and Jones are charged by superseding indictment, along with other co-defendants, with conspiracy to distribute a controlled substance (count 1) and conspiracy to money launder (count 4). ECF No. 31. Perez and co-defendant Hakim Rydell Branche-Jones, who has not joined this motion, are also charged with possession of firearms in furtherance of a drug-trafficking offense (count 2) and possession of a stolen firearm (count 3).

///

---

[1] This case also involves a defendant named Elizabeth Perez. However, this motion does not implicate her and "Perez" solely refers to defendant Alisha Perez.

On February 10, 2016, a detective with the Las Vegas Metropolitan Police Department ("LVMPD") conducted a custodial interrogation of defendant Perez. She provided the detective with details regarding the drug-trafficking conspiracy and the involvement of co-defendants Branche-Jones and Wilder. ECF No. 65-1 at 2–7; ECF No. 63 at 6–86. Perez eventually moved to suppress her statements (ECF No. 63), which this court denied (ECF No. 99) after adopting and accepting the magistrate judge's report and recommendation on the matter (ECF No. 97).

On June 8, 2016, the FBI and LVMPD jointly interrogated defendant Albert Jones. The court has only received a partial summary of the interrogation rather than a transcript, but it appears from this summary that Jones discussed picking up cash from defendant Branche-Jones on multiple occasions and transferring these funds. ECF No. 65-2 at 2. Jones has not moved to suppress his statements.

Defendant Wilder, joined by Perez and Jones, now moves to sever several counts in the indictment. He also moves to sever Perez and Jones from the trial, arguing that their incriminating statements would violate the Sixth Amendment's Confrontation Clause.

**II.  Severance of counts**

Wilder argues that the counts of possession of firearms in furtherance of a drug-trafficking offense and possession of a stolen firearm should be severed because he is not charged with either offense. He further contends that the counts of conspiracy to distribute a controlled substance and conspiracy to money launder should be severed, arguing that there is no logical connection between the counts on the face of the superseding indictment.

When multiple defendants are named in an indictment, Federal Rule of Criminal Procedure 8(b) rather than 8(a) governs the joinder of both counts and defendants. *United States v. Satterfield*, 548 F.2d 1341, 1344 (9th Cir. 1977); 1A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 144 (4th ed. 2017) ("The case law is relatively clear that in cases involving multiple defendants, the propriety of joinder is tested by Rule 8(b) alone and that Rule 8(a) has no application."). Rule 8(b) allows for joinder of charges if the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). The rule further

specifies that "[t]he defendants may be charged in one or more counts together or separately" and that "[a]ll defendants need not be charged in each count." *Id*.

"Whether or not multiple offenses joined in an indictment constitute a 'series of acts or transactions' turns on the degree to which they are related[,]" which "is most often established by showing that substantially the same facts must be adduced to prove each of the joined offenses." *Satterfield*, 548 F.2d at 1344. Moreover, "[t]he term 'transaction' is interpreted flexibly, and whether a 'series' exists depends on whether there is a 'logical relationship' between the transactions." *United States v. Vasquez-Velasco*, 15 F.3d 833, 843 (9th Cir. 1994). "A logical relationship is typically shown 'by the existence of a common plan, scheme, or conspiracy.'" *Id*. (quoting *United States v. Felix-Gutierrez*, 940 F.2d 1200, 1208 (9th Cir. 1991)).

Even if joinder is proper under Rule 8, the court may still sever counts or defendants under Rule 14 if the joinder "appears to prejudice a defendant or the government . . . ." Fed. R. Crim. P. 14(a). "The ordering of separate trials requires unusual circumstances and the power to do so rests within the broad discretion of the District Court as an aspect of its inherent right and duty to manage its own calendar." *United States v. Gay*, 567 F.2d 916, 919 (9th Cir. 1978).

"The defendant seeking severance bears the burden of showing undue prejudice of such a magnitude that, without severance, he will be denied a fair trial." *United States v. Bundy*, No. 2:16-CR-00046-GMN-PAL, 2016 WL 7227882, at *11 (D. Nev. Dec. 13, 2016) (citing *United States v. Jenkins*, 633 F.3d 788, 807 (9th Cir. 2011)). "Prejudice may arise where: (a) the jury could confuse and cumulate the evidence of one charge to another; (b) the defendant could be confounded in presenting his defenses (i.e., where a defendant wishes to testify in his own defense on one count but not another); and (c) the jury could erroneously conclude the defendant is guilty on one charge and therefore convict him on another based on his criminal disposition." *Id.* (citing *United States v. Johnson*, 820 F.2d 1065, 1070 (9th Cir. 1987)).

Here, the court finds that all four counts are properly joined. In regards to the firearms charges, Wilder's co-defendants are charged with the possession of a firearm used in furtherance of a drug-trafficking offense, and he, along with Perez and Jones, are charged with conspiracy to commit the underlying drug-trafficking offense. *See* ECF No. 31 at 1–2. As stated explicitly in

Rule 8(b), Wilder need not be charged with each offense for joinder to be proper. Moreover, the logical connection between this drug-trafficking conspiracy and the charge of conspiracy to launder money is even more readily apparent: the superseding indictment accuses all defendants in this case of conspiring to launder "the proceeds" from the alleged drug trafficking. *Id*. at 3. In turn, the task of proving each of these offenses turns on adducing the same set of facts, and joinder is therefore proper.

And while the court could sever these properly-joined counts if a joint trial prejudiced the moving defendants, they have made no showing of prejudice. Instead, Wilder cites to instances of severance from outside this circuit involving firearm charges unrelated to the defendant's alleged commission of the other charges. *See* ECF No. 115 at 2. But as just discussed, the firearms charges in the instant case are linked to the charge for conspiracy to distribute controlled substances because count 2 requires that the firearm be possessed in furtherance of a drug-trafficking offense. Moreover, Wilder's citation to Federal Rule of Evidence 404(b), which prohibits evidence of a crime or wrongdoing as character evidence, is not relevant to this analysis. The court therefore declines to sever the counts under Rule 14.

### III. Severance of defendants under *Bruton v. United States*

Wilder also moves to sever co-defendants Perez and Jones, arguing that they made "post-arrest statements/confessions" that incriminate him. He contends that the introduction of their prior statements at a joint trial would therefore violate the Sixth Amendment's Confrontation Clause pursuant to *Bruton v. United States*, 391 U.S. 123 (1968).

The Sixth Amendment to the U.S. Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy . . . the right to be confronted with the witnesses against him." In *Bruton v. United States*, the U.S. Supreme "Court ruled that a defendant is deprived of his Sixth Amendment right of confrontation when a facially incriminating confession of a nontestifying codefendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the codefendant." *United States v. Peterson*, 140 F.3d 819, 821 (9th Cir. 1998).

///

There, Evans, Bruton's co-defendant, confessed during an interrogation to having committed armed postal robbery. *Bruton*, 391 U.S. at 124. At their joint trial, "Evans did not testify, but the Government introduced into evidence Evans' confession, which stated that both he (Evans) and Bruton together had committed the robbery." *Gray v. Maryland*, 523 U.S. 185, 189 (1998) (citing *Bruton*, 391 U.S. at 125). Because this confession was only admissible against Evans,[2] the trial judge gave the jury a limiting instruction that "it could consider the confession as evidence only against Evans, [but] not against Bruton." *Id*. at 189–90 (citing *Bruton*, 391 U.S. at 125).

On appeal, the Supreme Court held "that, despite the limiting instruction, the introduction of Evans' out-of-court confession at [the joint] trial had violated Bruton's right, protected by the Sixth Amendment, to cross-examine witnesses." *Id*. at 190 (citing *Bruton*, 391 U.S. at 137). The Court reasoned that, in the context of a co-defendant's "powerfully incriminating extrajudicial statements" during a joint trial, the risk that the jury would not follow the limiting instruction was too great in light of the potential consequences for the non-confessing defendant. *Bruton*, 391 U.S. at 135–36.

In two subsequent decisions, the Court refined *Bruton's* scope. First, in *Richardson v. Marsh*, 481 U.S. 200 (1987), "the Court held that admission of a nontestifying codefendant's confession *with a proper limiting instruction* does not violate the Confrontation Clause, *if* the confession is redacted to eliminate not only the defendant's name, but any reference to her or his existence." *Peterson*, 140 F.3d at 821 (emphasis in original) (citing *Richardson*, 481 U.S. at 211). The Court found that the redacted confession, which omitted any reference to Richardson or another person being involved in the crime, was admissible at the joint trial, even in light of the fact that Richardson's own trial testimony linked her to part of the confession's content.

---

[2] Evan's out-of-court confession did not violate his own Sixth Amendment confrontation right because he, rather than the law-enforcement officer testifying about his confession, was his accuser. *See United States v. Brown*, 441 F.3d 1330, 1358 (11th Cir. 2006). And while the Federal Rules of Evidence were not yet adopted, Evans' confession, when offered by the government, was admissible solely against Evans under the hearsay rules recognized at the time. *Bruton v. United States*, 391 U.S. 123, 129 n.3 (1968); *see also* Fed. R. Evid. 801(d)(2) (excluding from the definition of hearsay any statement made by a party to an action when offered by the opposing party).

5

*Richardson*, 481 U.S. at 202–05. However, the court expressly reserved the question of "the admissibility of a confession in which the defendant's name has been replaced with a symbol or a neutral pronoun." *Id*. at 211 n.5.

Over a decade later, the Court addressed this precise issue in *Gray v. Maryland*. There, a police officer read into evidence a co-defendant's written confession that directly named and inculpated Gray, but the officer "said the word 'deleted' or 'deletion' whenever Gray's name . . . appeared." *Gray*, 523 U.S. at 188. The Court held that this practice was impermissible under the Sixth Amendment because such redactions "or other obvious indication of alteration so closely resemble *Bruton*'s unredacted statements as to warrant the same legal results." *Peterson*, 140 F.3d at 821 (citing *Gray*, 523 U.S. 185). "The Court reasoned that a jury will often realize that such a redacted confession refers specifically to the defendant, and an obvious deletion may call the jurors' attention specifically to the removed name and encourage speculation about the reference." *Id*.

Here, the United States has acknowledged that Perez and Jones' incriminating statements raise *Bruton* issues. ECF No. 103 at 10. The United States contends, however, that its proposed redaction method will allow it to introduce these statements into evidence at a joint trial without violating Wilder's Sixth Amendment confrontation right. Rather than introduce a recording of the interrogation, the United States intends to call as a witness the detective who interviewed both Perez and Jones and examine him about the content of their statements. *Id*. The United States argues that this procedure will allow them to redact any mention of Wilder from the statements, and when coupled with a limiting instruction, will avoid any Sixth Amendment implications. *Id*. The court will therefore address this proposed procedure in the context of each statement.

### A. Alisha Perez

The court finds that it would not be possible to redact Perez's statement in a way that would eliminate any reference to Wilder or other co-defendants.

After reviewing both the summary of Perez's interrogation (ECF No. 65-1) and the complete transcript included with her motion to suppress (ECF No. 63), it is evident to the court

that Perez never discussed her own role in the drug-trafficking or money-laundering conspiracies. Instead, her statement places her in the perspective of the passive observer, aware of the illegal activities her boyfriend Branche-Jones and his friend Wilder were allegedly committing, but never explicitly agreeing to take part in the conspiracy or otherwise aid her co-defendants in achieving their objectives. For example, Perez described how an individual was allegedly providing cocaine for Wilder to sell in Philadelphia and how Branche-Jones acted as an intermediary between the two men. ECF No. 63 at 29–30. She also confirms for the interviewing detective that "they"—meaning Branche-Jones and Wilder—were shipping the cocaine through the U.S. Postal Service. *Id.*

In contrast to the passive role that Perez portrays in her statement, the United States has, in its complaint, accused her of being an active participant in both the drug-trafficking and money-laundering conspiracies. Specifically, she is accused of mailing at least one of the cocaine shipments while using an alias, as well as transferring funds between herself and her co-defendants. ECF No. 104 at 16. However, the detective did not ask Perez any questions regarding her role in the conspiracies, and she did not discuss these issues.

Moreover, the United States has failed to discuss what portion of a redacted statement (i.e., the detective's testimony) would only serve to incriminate Perez and not inculpate any of her co-defendants. Nor can the court conceive of a way that the United States could achieve this objective and introduce a redacted statement that comports with *Bruton*. As such, Perez's statement is inadmissible at a joint trial.

The court will therefore conditionally grant Wilder's motion to sever Alisha Perez from the joint trial of her co-defendants. If the United States notifies the court that it intends to introduce Perez's statement as evidence at a joint trial, the court will sever her from the joint trial. Alternatively, the United States can forgo admitting Perez's incriminating statement and proceed with a joint trial of all defendants.

///

///

///

### B. Albert Jones

The court will deny the motion to sever as to Albert Jones without prejudice because neither party has provided the court sufficient information to determine if a redaction of his statements will avoid a *Bruton* issue.

Only a brief summary of Jones' interrogation has been provided to the court. ECF No. 65-2 at 2. Wilder has failed to highlight a specific portion of the interrogation that he believes violates the Confrontation Clause, and the United States has not indicated what statements it would seek to introduce as evidence. But after reviewing the summary, only the following lines appear relevant:

> According to Jones, he had known Hakim Branche-Jones for six or seven years and Branche-Jones was a security guard. Branche-Jones had asked Jones to pick up cash from him at a Rapid Cash located on Vegas Drive and Jones Boulevard. Jones said he had picked up money once or twice and the amount of the transfers were approximately $2500 each.

*Id*. It appears to the court that this statement relates to Jones' alleged role in the money-laundering conspiracy.

As an initial matter, this statement does not mention Wilder but rather inculpates Branche-Jones, who has not joined this motion. But even if this were not the case, it is not clear to the court whether this statement could be redacted to comport with *Bruton*. Without an understanding of what specific redaction the United States intends to introduce into evidence through its examination of the interviewing detective, the court cannot rule on this motion as to Jones. But because there are potential *Bruton* issues, the motion will be denied without prejudice as to Jones' statement and possible severance.

### IV. Conclusion

IT IS THEREFORE ORDERED that defendant Darrin Wilder's motion to sever (ECF No. 65) is **DENIED** as to the severance of counts.

IT IS FURTHER ORDERED that Wilder's motion to sever (ECF No. 65) is **CONDITIONALLY GRANTED in part** as to the severance of defendant Alisha Perez.

IT IS FURTHER ORDERED that the United States shall file notice with the court within 21 days of the date of this order if it intends to use defendant Perez's statement as evidence. If

the United States intends to do so, the court will sever Perez from the joint trial of the other defendants.

IT IS FURTHER ORDERED that Wilder's motion to sever (ECF No. 65) is **DENIED in part without prejudice** as to the severance of defendant Albert Jones.

IT IS FURTHER ORDERED that Albert Jones' motion for joinder (ECF No. 66) to Wilder's motion to sever is **GRANTED**.

IT IS FURTHER ORDERED that Alisha Perez's motion for joinder (ECF No. 67) to Wilder's motion to sever is **GRANTED**.

IT IS SO ORDERED.

DATED this 16th day of June, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE